# MOSER TABOADA
## ATTORNEYS AT LAW

CHARLES P. GUARINO
CGUARINO@MTIPLAW.COM
DIRECT DIAL: 732.945.9488

October 23, 2015

**Via ECF and Facsimile**

Hon. Madeline Cox Arleo, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re.: **Midnite Air Corp. v. Yaminov and Axis Global Logistics HQ,
Case No. 2:15-cv-07197**

Dear Judge Arleo,

We represent Plaintiff Midnite Air Corp. ("MNX") in the above-captioned proceeding. This letter is written in response to the October 20, 2015 correspondence of Michael E. Waller, counsel for Defendants Yaminov and Axis Global Logistics HQ ("Axis"), filed with this Court via ECF (Docket No. 10).

In his letter, Defendants' counsel alleges that Yaminov was not served with the Summons and Complaint in this matter, while claiming that Axis was served with the Summons and Complaint on October 9, 2015. In fact, as shown by the sworn declarations of the process server filed with this Court, both Defendants were personally served with the Summons and Complaint on October 8, 2015 (Docket Nos. 6 and 7).

Mr. Waller further claims that Defendant Axis did not receive Plaintiff's Motion for Preliminary Injunction. As indicated by the Certification of Service I filed on behalf of MNX in this matter (Docket No. 8-7), proper service was effected on both Defendants by mailing the motion and all supporting papers to each defendant by first-class mail on October 9, 2015. Pursuant to Fed. R. Civ. Proc. 5(b)(2)(C), service of a paper subsequent to the initial pleading (e.g., Plaintiff's Motion for Preliminary Injunction) is deemed complete upon mailing.

Mr. Waller's claim that Defendant Axis did not receive the motion is irrelevant to the issue of proper service under the Rules. Further, given that co-defendant Yaminov, who acknowledges actual receipt of the motion, is an employee of Defendant Axis, there is no reasonable excuse for Axis to claim inadequate knowledge of Plaintiff's pending motion.

My office is also in receipt of another letter from Defendants' counsel dated October 16, 2015 not previously filed with this Court, a copy of which is attached as Exhibit A. This letter plainly admits

Hon. Madeline Cox Arleo, U.S.D.J.
October 23, 2015
Page 2 of 2

the core allegations of Plaintiff's Complaint; namely, that Defendant Yaminov knowingly and deliberately emailed numerous MNX documents and information to his own personal email accounts, and that Yaminov retained possession of said documents and information subsequent to his termination from MNX, in breach of both the Confidentiality Agreement (Docket No. 8-4) and Termination Certification (Docket No. 8-5) Yaminov signed during his tenure with MNX.

The allegations set forth by Plaintiff in its pending motion have now been bolstered and confirmed by the admissions of Defendant Yaminov in the attached October 16, 2015 letter, in which counsel states that "[P]rior to leaving MNX he sent certain files and his personal contacts lists to his personal email accounts."

As such, Plaintiff has met the requirements for a preliminary injunction, particularly the showing of a likelihood of success on the merits and irreparable harm if such relief is not granted in a timely manner. Given Yaminov's admissions, not only should Defendants be denied the opportunity to delay Plaintiff's motion, but this Court should act to hear this motion as soon as possible to avoid irreparable harm to MNX, and certainly should be heard no later than the November 2, 2015 motion return date.

In the alternative, Plaintiff would not object to the extension of time requested by Defendants if the Defendants in turn agree to enter into a consent order temporarily enjoining their actions under the terms set forth in the Proposed Order (Docket No. 8-3), pending the Court's decision on the Plaintiff's motion.

Thank you for your continued assistance in this matter.

Respectfully submitted,

/s/Charles P. Guarino
Charles P. Guarino

cc.     Michael E. Waller (via ECF and Email)

**EXHIBIT A**



**K&L GATES LLP**
ONE NEWARK CENTER
TENTH FLOOR
NEWARK, NJ 07102
T 973.848.4000  F 973.848.4001  klgates.com

Michael E. Waller, Esquire
973.848.4132
F: 973.848.4001
michael.waller@klgates.com

October 16, 2015

**VIA FEDERAL EXPRESS**

Charles P. Guarino, Esquire
Moser Taboada
1030 Broad Street, Suite 203
Shrewsbury, NJ  07702

Re:   Midnite Air Corp. etc. v. Durbek Yaminov & Axis Global Logistics HQ,
       Civil Action No. 2:33-av-00001

Dear Counsel:

We represent Axis Global Logistics ("Axis") and Durbek Yaminov, both of which were recently served with the complaint filed on behalf of Midnite Air Corp. ("MNX") in the matter of *Midnite Air Corp. (d/b/a/ MNX Global Logistics) v. Durbek Yaminov and Axis Global Logistics HQ*, Civil Case number 2:33-av-00001 (the "Complaint). Axis, with its counsel, learned from Mr. Yaminov that prior to leaving MNX he sent certain files and his personal contacts lists to his personal email accounts. Please be advised that none of the files Mr. Yaminov sent to himself prior to leaving MNX were provided to or used by Axis. Moreover, Mr. Yaminov is not involved in sales or soliciting customers in any way at Axis.

Mr. Yaminov provided us with a USB flash drive containing the files and contacts that he sent to himself prior to leaving MNX. He subsequently deleted all such files, except his personal contacts, from the computer to which he sent such information. Contrary to the allegations in the complaint that Mr. Yaminov "transferred hundreds of documents and files" to his personal email account, the flash drive from Mr. Yaminov contained only 65 documents and his personal contact list containing 296 names, including friends and family.

Although we do not believe any of the information contained in the files provided to us by Mr. Yaminov contain confidential or propriety information or any information that could constitute a trade secret, enclosed please find a USB flash drive containing

Charles P. Guarino, Esquire
October 16, 2015
Page 2

all of the documents and contacts Mr. Yaminov forwarded to himself. Please have your client review the contacts contained on the enclosed USB flash drive and identify those contacts MNX believes Mr. Yaminov should not retain and provide reasons why Mr. Yaminov should not retain such contacts. We will then work with Mr. Yaminov to resolve MNX's concerns regarding those contacts.

For purposes of the litigation commenced by your client, we have retained a copy of the enclosed USB flash drive, which will be maintained until further notice as "attorneys' eyes only." Again, nothing contained in this letter is intended to or should be construed as a concession to any allegation by your client or waiver of any defenses by Axis or Mr. Yaminov to the allegations of the Complaint.

We trust this should address the concerns and misapprehensions expressed in the allegations of the Complaint and avoid the necessity of further litigation.

Very truly yours,

Michael E. Waller

Enclosure